NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNIVERSAL MUSIC CORP., et al., <br><br> Plaintiffs, <br><br> v. <br><br> BERTRAND MUSIC ENTERPRISES, INC., et al., <br><br> Defendants. | NO. 14-cv-02243-BRO-MRW <br><br> **DISCOVERY MATTER BEFORE MAGISTRATE JUDGE MICHAEL R. WILNER** <br><br> [~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER** <br><br> Time: N/A <br> Date: N/A <br> Courtroom: H – 9th Floor |

# [PROPOSED] STIPULATED PROTECTIVE ORDER

Pursuant to agreement between, on the one hand, Plaintiffs Universal Music Corp., Songs of Universal, Inc., Universal-PolyGram International Publishing, Inc., Universal-Songs of PolyGram International, Inc., Universal-PolyGram International Tunes, Inc., Universal Music – MGB NA LLC, Universal Music – Z Tunes LLC, and Rondor Music International, Inc. (collectively, "Plaintiffs"), and, on the other hand, Defendants Bertrand Music Enterprises, Inc. (d/b/a www.bertrandmusic.com, www.karaokexpress.com, www.expresskaraoke.com, www.totalkaraoke.com, www.prosing.net, www.timelesskaraoke.com, www.overnightkaraoke.com, "Bertrand Music," "Bertrand's Music Mart," "Bertrand's Music & Sing Along," "Bertrand's Music & Sing Along Center," "Bertrand's Centre City Music," and "JBL Distributors"), Karaoke International, Inc. (d/b/a "Total Karaoke"), and John D. Bertrand, Sr. (collectively, "Defendants," and collectively with Plaintiffs, the "Parties," and each a "Party"), and approval of the Court, this Protective Order shall govern the production of Confidential documents, deposition testimony and information in this action.

## I.   GOOD CAUSE STATEMENT

Good cause exists for entry of this Protective Order because the Parties: (1) have sought and expect to seek in the future the discovery of certain information in this action that is sensitive, private, and confidential, or that third parties required to get involved in discovery in this action might believe is sensitive, private, and confidential, such as sensitive financial information and other non-public information that would harm the Parties if such information were disclosed to their competitors or others in their industries; (2) believe that unrestricted disclosure or dissemination of such confidential information will cause them some business, commercial, and privacy injury; (3) desire an efficient and practicable means to designate such information as "Confidential" or "Confidential

- Attorneys' Eyes Only" and thereby help ensure its continued protection against unwarranted disclosure or dissemination; and (4) have agreed to such means as set forth herein.

## II. PURPOSE OF THE PROTECTIVE ORDER

The purpose of this Protective Order is to provide a means for limiting access to, and the use and disclosure of, Confidential documents, deposition testimony and information produced in this action.

## III. DESIGNATION OF CONFIDENTIAL DOCUMENTS, DEPOSITION TESTIMONY AND INFORMATION

Any Party or non-party who either produces documents or information, provides written discovery responses or gives deposition testimony in this action may designate such documents, responses, deposition testimony or information as "Confidential" or "Confidential - Attorneys' Eyes Only" in accordance with the provisions of this Article. The Parties and any non-party shall limit to whatever extent possible designating information as "Confidential" or "Confidential - Attorneys' Eyes Only."

### A. Criteria For Classification

1. <u>"Confidential" documents, deposition testimony or information:</u> A Party or non-party may designate documents, deposition testimony or information as "Confidential" if the Party or non-party making such designation reasonably believes that the documents, deposition testimony or information contains or discloses trade secrets or other confidential financial, technical, or commercial information that has not been made public.

2. <u>"Confidential - Attorneys' Eyes Only" documents, deposition testimony or information:</u> A Party or non-party may designate documents,

deposition testimony or information as "Confidential - Attorneys' Eyes Only" if (a) the Party or non-party making such designation reasonably believes that the documents, deposition testimony or information satisfy the criteria for designating such documents, deposition testimony or information as "Confidential" pursuant to Paragraph III(A)(1) above; and (b) the designating Party believes, in good faith, that the disclosure of the documents, deposition testimony or information is likely to cause harm to the competitive position of the designating Party or non-party holding proprietary rights thereto. Such "Confidential - Attorneys' Eyes Only" documents, deposition testimony and information may include, without limitation, trade secrets, confidential technical information, financial data, customer-confidential information, and agreements or relationships with non-parties.

### B. Time Of Designation

Unless otherwise agreed between counsel for the Parties, the designation of "Confidential" or "Confidential - Attorneys' Eyes Only" documents, deposition testimony and information shall be made at the following times:

1. For documents or things, prior to providing the receiving Party with a copy of any requested document or thing. Documents and things produced for inspection shall be inspected only by persons entitled to receive "Confidential - Attorneys' Eyes Only" documents, deposition testimony and information pursuant to Article IV(B) below. Between the time of inspection and the time of receipt of a copy of any requested document or thing, the information contained therein shall be treated as "Confidential - Attorneys' Eyes Only" documents, deposition testimony or information and shall not be disclosed or used, except in accordance with the provisions of this Protective Order governing "Confidential - Attorneys' Eyes Only" documents, deposition testimony and information;

2.  For declarations and written discovery responses, at the time of the service; and

3.  For deposition testimony, at the time such deposition testimony is given, by a statement designating the deposition testimony as "Confidential" or "Confidential - Attorneys' Eyes Only" made on the record or as set forth in Paragraph III(C)(4) below.

### C. Manner Of Designation

The designation of "Confidential" or "Confidential - Attorneys' Eyes Only" documents, deposition testimony or information shall be made in the following manner:

1.  For documents, placing the notation "Confidential" or "Confidential - Attorneys' Eyes Only" on each page of such document containing such "Confidential" or "Confidential - Attorneys' Eyes Only" information;

2.  For tangible items, by placing the notation "Confidential" or "Confidential - Attorneys' Eyes Only" on the object or container thereof or if impracticable, as otherwise agreed by the Parties;

3.  For declarations and written discovery responses, by placing the notation "Confidential" or "Confidential - Attorneys' Eyes Only" both on the face of such document and on any particular designated pages of such document; and

4.  For deposition testimony, by orally designating such deposition testimony as being "Confidential" or "Confidential - Attorneys' Eyes Only" at the time the deposition testimony is given. Thereafter, the original and all copies of the "Confidential" or "Confidential - Attorneys' Eyes Only" portions of the

transcript of any such deposition testimony shall be separately bound and marked by the Court Reporter with the legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY." Such transcript and deposition testimony shall be disclosed and used only in accordance with the provisions of this Protective Order. At the request of counsel for the designating Party supplying the "Confidential" or "Confidential - Attorneys' Eyes Only" documents, deposition testimony or information, only persons entitled under Article IV(A) hereinafter as to "Confidential" and/or Article IV(B) hereinafter as to "Confidential - Attorneys' Eyes Only" information shall be permitted to attend that portion of a deposition wherever or whenever any such "Confidential" or "Confidential - Attorneys' Eyes Only" documents, deposition testimony or information of such designating Party is used or elicited from the deponent.

In addition to the above, counsel for any Party or non-party may designate a deposition as "Confidential" or "Confidential - Attorneys' Eyes Only" by serving upon counsel for each Party a written list of the specific portions as to which such status is claimed. Such written list must be served within ten (10) business days after transmittal to counsel of the transcript of such testimony, unless otherwise agreed by the Parties. All deposition testimony shall be treated as "Confidential - Attorneys' Eyes Only" until the expiration of the ten (10) business day period and, if the aforesaid written list is served upon counsel, shall be treated as "Confidential" or "Confidential - Attorneys' Eyes Only" as so designated.

### D. Resolution Of Disputes Regarding Designation

The acceptance by a Party of "Confidential" or "Confidential - Attorneys' Eyes Only" documents, deposition testimony or information shall not constitute an admission or concession or permit an inference that such "Confidential" or "Confidential - Attorneys' Eyes Only" documents, deposition testimony or

information are, in fact, "Confidential" or "Confidential - Attorneys' Eyes Only." However, the documents, deposition testimony or information will be treated as designated unless the receiving Party follows the procedures to remove, change or otherwise declassify the designation as set forth in this Paragraph.

If a receiving Party, at any time, wishes to have the "Confidential" or "Confidential - Attorneys' Eyes Only" designation of any particular documents, deposition testimony or information removed or changed, that Party shall comply with Local Rule 37 and first request in writing that the designating Party or non-party remove its designation and state the reason therefor. Within ten (10) business days of the service of such request, counsel for the Party or nonparty seeking confidential treatment shall serve its response in writing to any such notification by either: (i) withdrawing such designation, or (ii) sending a Local Rule 37-1 meet and confer letter, explaining why the Party or non-party designating the particular documents, deposition testimony or information believes it is entitled to the designation. If after the Local Rule 37-1 meet and confer conference the Parties do not otherwise resolve the dispute, counsel for the Party or nonparty seeking confidential treatment **may file a discovery motion that complies in full with the joint filing requirements under Local Rule 37-2** ~~or may file an *ex parte* application if appropriate to seek permission of the Court~~ to change the designation of the particular documents, deposition testimony or information. The designating Party or nonparty shall have the burden of proving that such particular documents, deposition testimony or information are properly designated as "Confidential" or "Confidential - Attorneys' Eyes Only" pursuant to Article III. If such application or motion is timely made, the Parties shall treat the document, deposition testimony or information as originally designated until the motion is decided by the Court.

IV. **PERSONS TO WHOM CONFIDENTIAL DOCUMENTS, DEPOSITION TESTIMONY AND INFORMATION MAY BE DISCLOSED**

    A. **Disclosure Of Documents, Deposition Testimony And Information Designated As "Confidential"**

Documents, deposition testimony or information designated by a Party as "Confidential" may be disclosed and copies may be provided by the receiving Party only to:

    1. The receiving Party, the receiving Party's in house counsel and outside counsel, and such counsels' support staff, legal assistants and clerical personnel;

    2. Any non-party support services including, but not limited to, outside copying services, and document imaging and database services, graphics or design services, jury or trial consulting services, outside court reporting services and court reporters as may be reasonably necessary in connection with the preparation or conduct of this action;

    3. Expert witnesses or consultants retained by the receiving Party or its respective attorneys in connection with this action, and the employees of such experts or consultants who are assisting them, to the extent the information disclosed is pertinent to the expert witness' or consultant's opinions; and

    4. The Court, its clerks, assistants, and secretaries, any court reporter retained to record proceedings before the Court, and any mediator appointed by the Parties and assistants thereof. In the event that such information is filed with the Court, such information shall be submitted for filing under seal pursuant to Local

Rule 79-5 and any applicable standing order or individual judge's practice of the Court.

### B. Disclosure Of Documents, Deposition Testimony And Information Designated As "Confidential - Attorneys' Eyes Only"

Documents, deposition testimony and information designated as "Confidential - Attorneys' Eyes Only" may be disclosed and copies may be provided by the receiving Party only to:

1. The receiving Party's in-house counsel and outside counsel, and support staff, legal assistants and clerical personnel;

2. Any non-party support services including, but not limited to, outside copying services, and document imaging and database services, graphics or design services, jury or trial consulting services, outside court reporting services and court reporters as may be reasonably necessary in connection with the preparation or conduct of this action;

3. Expert witnesses or consultants , and the employees of such experts or consultants who are assisting them, retained by the receiving Party or its respective attorneys in connection with this action who have complied with Article IV(E), below, only to the extent the information disclosed is pertinent to the expert witness' or consultant's opinions;

4. The Court, its clerks, assistants, and secretaries, any court reporter retained to record proceedings before the Court, and any mediator appointed by the Parties and assistants thereof.  In the event that such information is filed with the Court, such information shall be submitted for filing under seal pursuant to Local Rule 79-5 and any applicable standing order or individual judge's practice of the

Court. Nothing herein shall preclude the receiving Party's outside counsel of record from providing advice to its clients based on "Confidential" or "Confidential - Attorneys' Eyes Only" documents, deposition testimony and information, without disclosing the substance of the "Confidential" or "Confidential - Attorneys' Eyes Only" documents, deposition testimony and information.

### C. Undertaking Required By Party Receiving "Confidential" Or "Confidential - Attorneys' Eyes Only" Documents, Deposition Testimony And Information

Any recipient of another Party's Confidential documents, deposition testimony and information subject to this Protective Order, except persons entitled to receive "Confidential" or "Confidential - Attorneys' Eyes Only" documents, deposition testimony and information pursuant to Paragraphs IV(A)(1), (2) or (4) and IV(B)(1), (2) or (4), prior to accepting receipt thereof, shall be furnished with a copy of this Protective Order. Any recipient of another Party's documents, deposition testimony or information subject to this Protective Order, except persons entitled to receive "Confidential" or "Confidential - Attorneys' Eyes Only" documents, deposition testimony and information pursuant to Paragraphs IV(A)(1), (2) and (4) and Paragraphs IV(B)(1), (2) and (4), shall agree to be bound thereby by executing an agreement, in the form attached hereto, certifying that the recipient is familiar with the terms of this Protective Order and agrees to be bound by its terms and, specifically, that the recipient will not disclose any "Confidential" or "Confidential - Attorneys' Eyes Only" documents, deposition testimony and information except as provided in this Protective Order, and will not use any "Confidential" or "Confidential - Attorneys' Eyes Only" documents, deposition testimony and information except for the purpose of this litigation. A copy of such signed agreement shall be provided by the receiving Party's counsel of record to

[PROPOSED] STIPULATED PROTECTIVE ORDER
6278641.2

the designating Party counsel of record prior to providing the recipient with any "Confidential" or "Confidential - Attorneys' Eyes Only" documents, deposition testimony or information.

### D. **Additional Authorized Disclosure Of Documents, Deposition Testimony Or Information Designated As "Confidential" or "Confidential - Attorneys' Eyes Only"**

Notwithstanding anything to the contrary in Articles IV(A) or IV(B) above, particular documents, deposition testimony and information that have been designated as "Confidential" or "Confidential - Attorneys' Eyes Only" may be disclosed and copies may be provided:

1. To persons who can be shown from the face of the document to have authored, prepared, reviewed, or received the document or for whom, at deposition, a proper foundation has been laid establishing that the witness was a recipient of the document or the information contained within it;

2. To persons about whom it can be shown from the face of the document the document concerns or for whom, at deposition, a proper foundation has been laid establishing that the document or information contained within it concerned the person;

3. To any other persons with the prior written consent of the Party or non-party that designated such particular document, deposition testimony and information as "Confidential" or "Confidential - Attorneys' Eyes Only;" and

4. To any other persons with the prior authorization of the Court.

### E. Disclosure To Expert Witnesses Or Consultants

Prior to disclosing or providing copies of any "Confidential - Attorneys' Eyes Only" documents, deposition testimony and information to any expert witness or consultant pursuant to Article IV(B) above, the person or Party making such disclosure shall first obtain the agreement of the expert witness or consultant to whom such disclosure will be made to be bound by the terms of this Protective Order as set forth in the attached form agreement. In addition, at least ten (10) business days prior to making such disclosure to an expert witness or consultant, the person or Party making such disclosure shall serve upon the designating Party:

A copy of the agreement signed by the expert witness or consultant;

The identity of the expert witness or consultant;

The identity of the present employer of the expert witness or consultant.

### F. Resolution Of Disputes Regarding Disclosure To Expert Witnesses Or Consultants

Any Party may object to a proposed disclosure to an expert witness or consultant ("Proposed Disclosure") by sending a letter within seven (7) business days after service of the signed agreement and information set forth in Article IV(E). Thereafter, the Party seeking to make the Proposed Disclosure may serve a Local Rule 37-1 letter stating the reasons why the Party believes such expert witness or consultant should receive "Confidential" or "Confidential - Attorneys' Eyes Only" documents, deposition testimony and information. If after the Local Rule 37-1 meet and confer conference the Parties do not otherwise resolve the dispute, counsel for the Party seeking to make the Proposed Disclosure **may file a discovery motion that complies in full with the joint filing requirements under**

1 **Local Rule 37-2** ~~or may file an *ex parte* application if appropriate~~ to seek to allow the Proposed Disclosure.  The Party who objects to the Proposed Disclosure shall have the burden of demonstrating that the documents, deposition testimony or information should not be disclosed.  There shall be no disclosure to such expert or consultant until the Court has ruled upon the application or motion, and then only in accordance with the ruling so made.  The filing and pendency of such motion shall not limit, delay or defer any disclosure of the "Confidential" or "Confidential - Attorneys' Eyes Only" documents, deposition testimony and information to persons as to whom no such objection has been made, nor shall it delay or defer any other pending discovery unless the motion and the inability to disclose Confidential documents, deposition testimony and information bear directly on the non-objecting Party's ability to conduct such discovery.

**V.  USE OF "CONFIDENTIAL" OR "CONFIDENTIAL - ATTORNEYS' EYES ONLY" DOCUMENTS, DEPOSITION TESTIMONY AND INFORMATION**

   **A.   <u>Use Of Designated Documents and Information</u>**

   1.   "Confidential" or "Confidential - Attorneys' Eyes Only" documents, deposition testimony and information shall be used by the receiving Parties, their respective agents, and any other persons to whom such documents, deposition testimony and information may be disclosed pursuant to the Protective Order, for no purpose other than:  (a) the prosecution or defense of this action; or (b) as otherwise compelled by lawful process (provided the designating other Party is given reasonable notice to object); (c) as otherwise required by law; or (d) as permitted by the Court.

   2.   Notwithstanding the Parties' designation of "Confidential" or "Confidential - Attorneys' Eyes Only" documents, deposition testimony or

information, any Court hearing that refers to or describes "Confidential" or "Confidential - Attorneys' Eyes Only" documents, deposition testimony or information may be held in open court with records unsealed.  However, any Party may request that the proceedings be conducted in camera out of the presence of any unqualified persons provided those persons are neither parties to the litigation nor expert witnesses or consultants, and any portions of the transcript relating thereto be designated as "Confidential" or "Confidential - Attorneys' Eyes Only" and prepared in accordance with the provisions of Paragraph III(C) above.

3.  In the event a Party wishes to use any "Confidential" or "Confidential - Attorneys' Eyes Only" documents, deposition testimony or information of the other Party in any affidavits, briefs, memoranda of law, or other papers to be filed in Court in this litigation, the Party shall comply with Local Rule 79-5 and any applicable standing order of individual judge's practice of the Court.

4.  Nothing in this Protective Order shall affect the admissibility of "Confidential" or "Confidential - Attorneys' Eyes Only" documents, deposition testimony or information, or abridge the rights of any person to seek judicial review through the procedure set forth in Local Rule 37 with respect to any ruling made by the Court concerning the issue of the status of "Confidential" or "Confidential - Attorneys' Eyes Only" documents, deposition testimony or information.  This Protective Order is without prejudice to any Party seeking an Order from this Court imposing further restrictions on the dissemination of "Confidential" or "Confidential - Attorneys' Eyes Only" documents, deposition testimony or information, or seeking to rescind, modify, alter, or amend this Protective Order with respect to specific information.

5. In the event any person in receipt of "Confidential" or "Confidential - Attorneys' Eyes Only" documents, deposition testimony or information shall receive a written request, subpoena, or Court Order seeking disclosure of another Party's "Confidential" or "Confidential - Attorneys' Eyes Only" documents, deposition testimony or information, such person shall immediately upon receipt of such request, subpoena, or Court Order, notify counsel for the designating Party of the request, subpoena, or Court Order, and shall provide counsel for the designating Party with a copy of the same, unless prohibited by law.

6. A Party producing any document or thing for inspection may retain the original of such document or thing which is subject to this Protective Order, but the receiving Party, by its counsel of record, shall have the right to examine the original, to be provided with a full and complete copy thereof at its expense, and to call for production of the original at the trial of this action, if reasonably necessary.

## VI. DOCUMENTS, DEPOSITION TESTIMONY AND INFORMATION EXCLUDED FROM PROTECTIVE ORDER

The obligations relating to any document, deposition testimony or information subject to this Protective Order shall not apply to any document, deposition testimony or information designated as being subject to this Protective Order which: (a) was lawfully in the receiving Party's possession prior to the receipt from the supplying Party; (b) became public knowledge by means not in violation of the provisions of this Protective Order; (c) was, or is hereafter, obtained from a source or sources not under an obligation of secrecy to the other Party; (d) is discovered independently by the receiving Party; or (e) is exempted from the provisions of this Protective Order by written consent of the Party producing such "Confidential" or "Confidential - Attorneys' Eyes Only" documents, deposition testimony or information.

Notwithstanding the provisions of Article III above, nothing herein shall prevent any producing Party from using or disclosing its own "Confidential" or "Confidential - Attorneys' Eyes Only" documents, deposition testimony or information as it deems appropriate.  Nothing in this Order shall preclude any Party from showing an employee of a designating Party at a deposition of that employee any "Confidential" or "Confidential - Attorneys' Eyes Only" documents, deposition testimony or information of the designating Party.

## VII. RETURN OF DOCUMENTS, DEPOSITION TESTIMONY OR INFORMATION

Within sixty (60) days after conclusion of litigation, outside counsel for each receiving Party or other individual subject to this Protective Order (which does not include the Court and Court personnel) shall be under an obligation to assemble and return to the designating Party, or to destroy and certify the destruction of, any document, deposition testimony and information subject to this Protective Order and all copies thereof.  Notice of the return or destruction of any "Confidential" or "Confidential - Attorneys' Eyes Only" document, deposition testimony or information shall be made in writing.  Notwithstanding the foregoing provisions of this Paragraph, outside counsel shall be entitled to retain all memoranda or reports prepared by them or any expert witness or consultant which contain "Confidential" or "Confidential - Attorneys' Eyes Only" documents, deposition testimony or information and litigation documents containing "Confidential" or "Confidential - Attorneys' Eyes Only" documents, deposition testimony or information which become part of the record of this action, including briefs, deposition transcripts and exhibits, but such litigation documents shall be used only for the purpose of preserving a record of the action, and shall not, without the written permission of the opposing Party or an order of this Court, be disclosed to anyone other than

those to whom such information was actually disclosed, in accordance with this Protective Order, during the course of this action.

## VIII. SURVIVAL

All obligations and duties arising under this Protective Order shall survive as stated herein until the commencement of trial in this action. In advance of trial, any Party to this Protective Order may move the Court to maintain the confidentiality of any document or information governed by this Protective Order, upon a showing of good cause to the district judge. In the event this action terminates prior to the commencement of trial, this Protective Order shall survive the termination of this action. The Court retains jurisdiction over the Parties hereto indefinitely with respect to any dispute regarding the improper use of "Confidential" or "Confidential - Attorneys' Eyes Only" documents, deposition testimony or information disclosed under protection of this Protective Order.

## IX. INADVERTENT PRODUCTION

The inadvertent or mistaken disclosure of any "Confidential" or "Confidential - Attorneys' Eyes Only" documents, deposition testimony or information by a producing Party, without the designation required under Article III, above, shall not constitute a waiver of any claim that the inadvertently disclosed material is entitled to protection under this Order, if such inadvertent or mistaken disclosure is brought to the attention of the receiving Party within ten (10) business days after the producing Party's discovery of such disclosure. Along with notice of inadvertent or mistaken disclosure, the producing Party shall provide properly marked documents to each Party to whom "Confidential" or "Confidential - Attorneys' Eyes Only" documents, deposition testimony or information was inadvertently disclosed; and upon receipt of these properly marked documents, the receiving Party shall return to the producing Party, or destroy, the improperly

1  marked documents that were initially produced, along with any copies or
2  duplicates thereof.  After such designation, such documents, deposition testimony
3  or information shall be fully subject to this Protective Order.  Provided the
4  receiving Party and its counsel act in good faith to secure compliance with the
5  terms of this Protective Order with respect to such "Confidential" and/or
6  "Confidential - Attorneys' Eyes Only" information following its designation, the
7  receiving Party and its counsel shall incur no liability for disclosures made prior to
8  notice of such designation.
9       If a Party through inadvertence produces or provides discovery which it
10 believes is subject to a claim of attorney-client privilege or work product
11 immunity, the producing Party seeking the return of any such documents shall give
12 written notice to the receiving Party or Parties within ten (10) business days after
13 the producing Party's discovery of such disclosure that the document or thing is
14 subject to a claim of attorney-client privilege or work product immunity and
15 request that the document or thing be returned to the producing Party.  The
16 receiving Party or Parties shall promptly return to the producing Party such
17 document or thing, including all copies of such document or thing, and portions
18 thereof, and shall not retain any copies thereof.  Return of the document by the
19 receiving Party shall not constitute an admission or concession, or permit any
20 inference, that the returned document or thing is, in fact, properly subject to a
21 claim of attorney-client privilege or work product immunity nor shall it foreclose
22 any Party from moving the Court for any order that such document or thing has
23 been improperly designated or should be producible for reasons other than a
24 waiver caused by the inadvertent production.
25
26 **X.    NO IMPLIED WAIVER OR ADMISSION**
27      No Party shall be obligated to challenge the propriety of any designation of
28 "Confidential" or "Confidential - Attorneys' Eyes Only" documents, deposition

17

[PROPOSED] STIPULATED PROTECTIVE ORDER

6278641.2

testimony or information by another Party or non-party, and the failure to do so shall not constitute a waiver or otherwise preclude a subsequent challenge to the designation.

## XI. NOTICE AND SERVICE

For purposes of any provisions in this Protective Order requiring or permitting service of a notice, objections, requests, responses, designations or the like, service shall be accomplished either by email or by overnight delivery via a commercial delivery service to all counsel of record.  When served via email, service shall be deemed complete on the date of transmission if the electronic transmission occurs before 5:00 p.m. Pacific time; otherwise, service shall be deemed complete the next business day.  Service via overnight delivery shall be deemed complete upon delivery.

IT IS SO ORDERED this 23rd day of December, 2014.

_____
The Honorable Michael R. Wilner
United States Magistrate Judge

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I have read the Stipulated Protective Order ("Order") governing the production of "Confidential" or "Confidential - Attorneys' Eyes Only" documents, deposition testimony and other information in the above-captioned matter. I understand the terms of the Order and agree to be fully bound by them, specifically, that I will not disclose any "Confidential" or "Confidential - Attorneys' Eyes Only" documents, deposition testimony and information except as provided in the Order, and will not use any "Confidential" or "Confidential - Attorneys' Eyes Only" documents, deposition testimony and information except for the purpose of this litigation. I hereby submit to the jurisdiction of the U.S. District Court, Central District of California, for purposes of enforcement of the Order. I understand that any violation of the terms of the Order may be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or such other or additional relief as deemed appropriate by the Court.

Date: _____    Signature: _____